Filed 4/20/22  M.L. v. M.T.J. CA 2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ROBERT M.L.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>M.T.J.,<br><br>    Defendant and Respondent. | 2d Civ. No. B312803<br>(Super. Ct. No. D399703)<br>(Ventura County) |

Robert M.L. (Father) appeals an order of the family law court modifying physical custody of his child and permitting M.T.J. (Mother) to relocate to Texas.  We conclude that the family law court did not abuse its discretion and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

Father and Mother are parents of R., who at the time of the challenged order was two years old.  Father and Mother were unmarried and had never lived together.  Father was an equal custodial parent to three other children; Mother was an equal custodial parent to two other children.

On November 12, 2020, Father filed a petition to determine the parental relationship of R., then one year old. Mother responded that Father was R.'s parent by voluntary declaration of parentage.

On February 18, 2021, Mother filed a request for a court order regarding child custody, visitation, and her intent to move to Texas with R. Mother supported her petition with a declaration stating that Father had "very little interest" in visiting R. despite her efforts encouraging visitation. Mother also declared that the father of her two older children was moving to McKinney, Texas for employment.

Father responded that he would only consent to a 50/50 legal and physical custody order and opposed Mother's move to Texas. Father declared that Mother would allow him to visit R. only at her home and for short periods of time. Father also stated that Mother blamed his admittedly "volatile" relationship with a former partner to preclude visitation with R. at Father's home.

The parties engaged in mediation with the family court child custody mediator. The mediator proposed a detailed visitation schedule for Father in Texas and in Southern California, as well as telephone, video, and e-mail communications with R.

Father rejected the recommendation of the mediator and, on March 23, 2021, the family law court held a hearing. Mother testified that she was moving to Texas in part to maintain stability and consistency with her two older children, ages eight and five. Mother stated that she works remotely as a "transaction coordinator" in real estate sales and will continue that employment in Texas. Mother added that she intended to live with her mother who had purchased a home there. When

questioned by the family law judge, Mother stated that Father had visited R. for 13 hours during 75 days of offered visits.

Father testified that he was "uncomfortable" visiting R. in Mother's home. He admitted that the last two visits with R. occurred in August 2020 and January 2021.

Following the hearing, the family law court decided that Mother and R. could relocate to Texas. The court approved the recommendations of the court mediator, and concluded that the parties would hold equal legal custody but that Mother would have physical custody.

Father appeals. Mother has not filed a responsive brief.

*DISCUSSION*

Father argues that the family law court abused its discretion by not determining if relocating to Texas was in R.'s best interests or in the interests of public policy. (Fam. Code, § 3011.) He asserts that Mother is relocating to deprive him of a relationship with R. and is motivated by her jealousy of his former partner.

In applying the best interest of the child analysis in a relocation or "move-away" case, the family law court considers the child's interest in stability and continuity in the custodial arrangement; the distance of the move; the age of the child; the child's relationship with each parent; the relationship between the parents, including their ability to communicate and cooperate, their willingness to place the child's interest above their own; the reasons for the move; and the extent to which the parents presently share custody. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1101.)

The standard of review of custody and visitation orders is the deferential abuse of discretion standard. (*In re Marriage of*

3

*Burgess* (1996) 13 Cal.4th 25, 32.)  "The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child."  (*Ibid.*)

On appeal, the reviewing court has no power to judge the credibility of witnesses or to reweigh the evidence.  (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 166.)  We view all factual matters most favorably to the prevailing party and do not substitute our factual determinations for those of the trial court.  (*Id.* at pp. 166-167.)  We presume that the court found Father's evidence lacking effective weight and credibility.  (*Id.* at p. 166.)

The family law court reasonably concluded that the custody and visitation order reasonably advanced the best interest of R.  Mother testified that Father had infrequently visited R.  Father admitted that he had visited R. only twice within the prior seven or eight months.  Mother intended to move to Texas in part to actively share legal and physical custody of her two older children.  She testified that she planned to work remotely as a transaction coordinator and live in a home purchased by R.'s maternal grandmother.  R. was two years old at the time of the custody hearing.

The family law court did not abuse its discretion in approving the relocation request and the custody and visitation recommendation.

4

*DISPOSITION*

The order is affirmed.  Father is to bear costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

JoAnn Johnson, Judge

Superior Court County of Ventura

_____

Sergio Castaneda for Plaintiff and Appellant.

No appearance for Defendant and Respondent.